**3**

**STANDARD OIL COMPANY, Appellant, v. WHITNEY BROTHERS COMPANY, Appellee.**

**WHITNEY BROTHERS COMPANY, Appellant, v. STANDARD OIL COMPANY, Appellee.**

(Circuit Court of Appeals, Seventh Circuit. January 12, 1927.)

Nos. 3711, 3712.

Appeals from the District Court of the United States for the Western District of Wisconsin.

C. E. Kremer and R. Branand, Jr., both of Chicago, Ill., for appellant.

H. R. Spencer, of Duluth, Minn., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. This is an appeal and a cross-appeal. Standard Oil Company, appellant in No. 3711 and appellee in No. 3712, is here called appellant, and Whitney Brothers Company, appellee in No. 3711 and appellant in No. 3712, is here called appellee.

In the Duluth-Superior harbor, the interstate railroad bridge swings open on a center pier. On the north and south of the center pier is water of ample depth, 200 feet wide, for the passage of boats. Appellant's tank steamer William P. Cowan, convoyed by a tug, but navigated under her own power and control, passing through the north draw, upstream toward the west, collided with ap-

pellee's scow Limit, towed by a tug alongside, passing downstream to the east through the north draw. The District Court found both parties at fault and divided the damages. We have read the whole of the evidence, in connection with the briefs, and have reached the conclusion that it would serve no good purpose to discuss the evidence at length.

Appellant's libel was drawn upon the theory that, after the Cowan had selected the north draw for its passageway and had given its signal, the Limit had disregarded the signal, and, after the Cowan was in the north draw, had itself crowded into the draw, where there was not room enough to pass. The evidence very clearly shows that the Limit selected the north draw first, gave its signal first, and that there was plenty of room for safe passage.

Appellant practically abandoned the theory of its libel before the trial court and here, and stressed the fact that at a critical point something happened to the steering gear of the Limit's tug. The Cowan was unquestionably at fault. While there is considerable evidence in the record indicating that the Limit and its tug were at fault, much of it seems incredible. However, the trial judge saw and heard the witnesses, and, as this is a case in which such fact may count for much, we are of opinion that the decree of the District Court should be, and it is, affirmed.